IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL WHEELER, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:24-CV-2058-S-BK |
| | § | |
| DOVENMUEHLE MORTGAGE, INC. | § | |
| AND WILLIAM MYNATT, JR., | § | |
|     DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* case was referred to the undersigned United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition when appropriate. Before the Court are *Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Doc. 6, and Plaintiff's *Motion*[s] *to Remand to State Court Combined with Motion to Strike Defendant* [sic] *Motion to Dismiss*, Docs. 8-9. As detailed herein, Defendants' motion should be **GRANTED**, and Plaintiff's motions should be **DENIED**.

I. BACKGROUND

This case is about whether Defendants adequately serviced a mortgage note (the "Note") taken out by Plaintiff on real property located at 852 Rohan Drive, Richardson, Texas 75081 (the "Property"). Doc. 1-1 at 7-38. In July 2024, Plaintiff, mortgagor-borrower Daniel Wheeler, sued Defendants William Mynatt, Jr., and mortgagee-lender Dovenmuehle Mortgage, Inc. ("DMI") in the 160th District Court of Dallas County, Texas. Doc. 1-1 at 12. Plaintiff alleges claims (1) for breach of contract; (2) under the Texas Business and Commerce Code; and (3) for violation of

§ 33 of the National Bank Act of 1863, seeking injunctive relief and $771,840.00 in damages. Doc. 1-1 at 12 (citing TEX. BUS. & COM. CODE ANN. § 3.111; 12 U.S.C. § 33).

In August 2024, Defendants removed the action to this Court on the bases of diversity and federal-question jurisdiction. Doc. 1 at 1-4. Defendants now move under Federal Rule of Civil Procedure 12(b)(6) to dismiss all claims against them for failure to state a claim. Doc. 6; Doc. 7. Subsequently, Plaintiff moved (in two separate motions) to remand the case back to state court. Doc. 8; Doc. 9. Plaintiff did not directly respond to the substance of Defendant's motion to dismiss, but included requests in both motions for remand to strike Defendant's motion. Doc. 8 at 3; Doc. 9 at 2-3. Defendants timely filed a joint response to Plaintiff's motions for remand and a reply to its Rule 12(b)(6) motion to dismiss. Doc. 10; Doc. 11; Doc. 12.

## II. APPLICABLE LAW

*A. Motion to Remand*

Under 28 U.S.C. § 1446, a defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. §§ 1441(a)-(b). A federal district court has original jurisdiction of an action between citizens of different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Thus, a state case involving opposing parties from different states is removable. 28 U.S.C. § 1441. The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

A plaintiff may move to remand an action on the basis of any defect in the removal procedure, other than subject matter jurisdiction, within 30 days of removal. 28 U.S.C.

§ 1447(c). Removal statutes are strictly construed in favor of remand and against removal, and doubts concerning removal are resolved in favor of remand. *Bosky v. Kroger Tex.*, LP, 288 F.3d 208, 211 (5th Cir. 2002); *Manguno*, 276 F.3d at 723.

    *B. Rule 12(b)(6) Motion*

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).

## III. ANALYSIS

    *A. Removal Was Proper.*

Plaintiff argues, *inter alia*, that Defendants are citizens of Texas since they conduct business in Texas and their actions constitute the "significant ties" needed to establish citizenship in this state; therefore, complete diversity of citizenship does not exist. Doc. 8 at 1, 3; Doc. 9 at 1-2. Defendants respond that there is complete diversity between the parties because Defendants are exclusively citizens of Illinois and Delaware—their primary place of business and state of incorporation, respectively. Doc. 11 at 2-4.

Complete diversity requires that *all* parties on one side of the controversy be citizens of different states than *all* parties on the opposing side. *Vaillancourt v. PNC Bank, Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014) (citation omitted). "[A]llegations regarding the citizenship of a corporation must set out the principal place of business as well as the state of its incorporation."

*Neeley v. Bankers Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985). Here, the parties do not dispute that Plaintiff is an individual and citizen of Texas and Defendant Mynatt is an individual and citizen of Illinois. Doc. 1 at 2-3; Doc. 9 at 1; 28 U.S.C. § 1332(a). The parties only disagree whether Defendant DMI is a Texas citizen. Doc. 8 at 1, 3; Doc. 9 at 1-2; Doc. 11 at 2-4.

Plaintiff's argument that Defendant DMI is a Texas citizen because it has a registered agent in this state, Doc. 9 at 1-2, "is foreclosed by the well-settled rule that '[f]or the purposes of diversity jurisdiction, a corporation is the citizen of the state in which it was incorporated and the state in which it has its principal place of business.'" *Bogany v. CVS Pharmacy, Inc.*, No. H-19-664, 2019 WL 1979838, at *1 (S.D. Tex. May 3, 2019) (Rosenthal, C.J.) (quoting *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, Ltd. Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) (citing 28 U.S.C. § 1332(c)(1))).

Here, Plaintiff does not contest Defendant DMI's assertions that it is incorporated in Delaware and its principal place of business is in Illinois; thus, it is a citizen of Delaware and Illinois for the purpose of determining diversity jurisdiction. *See* Doc. 1 at 3; Doc. 11 at 2-4. Since complete diversity of citizenship between the parties exists, Plaintiff's motions for remand should be denied.[1]

    *B. Defendants' Rule 12(b)(6) Motion to Dismiss Should Be Granted.*

Defendants contend that: (1) Plaintiff has not adequately pleaded the elements for a breach of contract claim or any other causes of action he may be attempting to assert; and (2) that Plaintiff's claim under § 33 of the National Bank Act fails as a matter of law and fact. Doc. 7 at 4-5. Again, Plaintiff has not replied to the substantive arguments but only moves to strike

---

[1] This conclusion pretermits the Court's consideration of Plaintiff's alternative argument that Defendants improperly rely on federal-question jurisdiction to support removal.

Defendants' motion to dismiss, arguing that the Court must first resolve "the jurisdictional issues underlying the removal." Doc. 9 at 2.

Under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (cleaned up). Survival of a Rule 12(b)(6) motion thus requires a plaintiff's complaint to contain sufficient factual matter to facially state a plausible—not speculative— claim for relief. *Twombly*, 550 U.S. at 555, 570. Put differently, the Court must be able to reasonably infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). But "a formulaic recitation of the elements of a cause of action will not do," and factual allegations must accompany legal conclusions. *Iqbal*, 556 U.S. at 679; *Twombly*, 550 U.S. at 555 (citation omitted).

Since Plaintiff has not responded to the substance of the motion to dismiss, he has effectively conceded Defendants' argument that he has not adequately pleaded elements for his breach of contract claim or any other causes of action he may be attempting to assert. Doc. 7 at 4-5. Indeed, Plaintiff's failure to meaningfully respond to any of Defendants' arguments constitutes abandonment of all his claims. *See In re Dall. Roadster, Ltd.*, 846 F.3d 112, 125-26 (5th Cir. 2017) (finding that the plaintiff's failure to respond to the defendant's argument in a motion to dismiss constituted abandonment); *Black v. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (holding that the plaintiff's failure to defend a claim in her responses to the defendant's motion to dismiss or pursue the claim beyond her complaint constituted abandonment). Thus, grant of the motion to dismiss is warranted on that basis alone.

Notwithstanding the foregoing finding, review of the Complaint reveals that Defendants' arguments that Plaintiff has failed to adequately plead the elements for a breach of contract

5

claim, a writ of injunction for a breach of contract and satisfaction, or other Texas state contract-related claims have merit. Doc. 1-1 at 7-38; Doc. 7 at 4-5. Under Texas law, the elements of a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach." *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018) (citation omitted). Here, Plaintiff has pleaded only legal conclusions that, as to the Note, Defendants: (1) "failed to provide valuable consideration" to Plaintiff, rendering the contract illusory; (2) "intentionally failed to provide full material disclosures upon escrow"; and (3) "intentionally failed to provide full material disclosures upon escrow such as the actual amount of credit value extended from the contract application and only provided a miniscule consideration." Doc. 1-1 at 10-11.

Without regard to the merits of these allegations or lack thereof, Defendants correctly point out that Plaintiff has not specifically identified "his performance under the contract, [or] Defendants' alleged breach . . . ." Doc. 7 at 5. Even under the most liberal construction,[2] Plaintiff fails to allege plausible facts from which the elements of a breach of contract claim can be reasonably inferred. And because Plaintiff fails to state a claim for breach of contract, writ of injunction for breach of contract and satisfaction, or any other contract-related claims, dismissal is warranted.

Defendants also argue that Plaintiff's claim under § 33 of the National Bank Act ("the Act") fails as a matter of law and fact because (1) the Act does not authorize a private cause of action, and (2) the Act only regulates national banks, which Defendants are not. Doc. 7 at 5.

---

[2] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers . . . ."); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").

The Court need not consider the first argument, as the second conclusively supports dismissal. As Defendants correctly assert, the Act only regulates national banks. *Brunson v. Williams*, 2022 WL 565604, at *6 (W.D. Tex. Feb. 24, 2022) (collecting cases). Defendant Mynatt is an individual and Defendant DMI avers that it is not a national bank. Importantly, Plaintiff has not argued or alleged any facts to the contrary.

For these reasons, Defendants are entitled to dismissal of the claims against them for Plaintiff's failure to state a legally cognizable claim.

### IV. LEAVE TO AMEND

"Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam). However, leave to amend is not required where the plaintiff has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

Here, Plaintiff has neither been granted nor sought leave to amend his complaint in the nearly seven months Defendants' motion to dismiss has pended. Indeed, as discussed *supra*, Plaintiff has effectively abandoned his claims by failing to respond to the substance of the motion to dismiss. Under these circumstances, granting leave to amend would be futile.[3]

### V. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion*[s] *to Remand to State Court Combined with Motion to Strike Defendant* [sic] *Motion to Dismiss*, Doc. 8 & Doc. 9, should be **DENIED**. *Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*, Doc. 6,

---

[3] In any event, the requisite 14-day objection period will give Plaintiff the opportunity to establish his ability, if any, to cure the pleading deficiencies noted herein.

7

should be **GRANTED**, and Plaintiff's claims should be **DISMISSED WITH PREJUDICE**. And because no claims will remain pending, the Clerk of the Court should be directed to close this case.

**SO RECOMMENDED** on March 4, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).